# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MERINO, *et al.*, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO & COMPANY and WELLS FARGO BANK, N.A.,<br><br>Defendants. | Case No.: 2:16-cv-07840-ES-MAH |

## ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

AND NOW, this 9th day of July, 2019, upon consideration of Plaintiffs' Motion for Preliminary Approval of Settlement Agreement, which is unopposed, the Court grants Plaintiffs' Motion and ORDERS as follows:

1. Plaintiffs in the above-captioned litigation ("Plaintiffs") and Defendants Wells Fargo Bank, N.A. (the "Bank") and Wells Fargo & Company (together with the Bank, "Defendants" or "Wells Fargo"), have participated in mediation and executed a proposed Settlement Agreement ("Settlement" or "Agreement") that was filed with the Court on February 28, 2019. Pursuant to the Agreement, Plaintiffs moved for entry of an order granting preliminary approval of the Settlement. The Court hereby incorporates the terms of the Agreement for the

purposes of this Preliminary Approval Order, including the Definitions set forth in the Agreement. Having reviewed the Agreement and considered the submissions, arguments, and authorities in support of preliminary approval of the Settlement, the Court finds as follows.

2. The Parties' Agreement is preliminarily approved as fair, reasonable and adequate pursuant to FED. R. CIV. P. 23(e), and as a fair and reasonable resolution of a *bona fide* dispute under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA").

3. On a preliminary basis, taking into account (a) the value and certainty of the benefits to be provided by the Settlement to Settlement Class Members and Settlement Collective Members; (b) the defenses asserted by Wells Fargo; (c) the risks to Plaintiffs and the Settlement Class/Settlement Collective that Wells Fargo would successfully defend against class and collective certification and/or against the merits of the claims alleged in this case; and (d) the length of time that would be required for Settlement Class Members or Settlement Collective Members to litigate to an uncertain final judgment through one or more trials and appeals, the Court finds that the Settlement appears sufficiently fair, reasonable and adequate to authorize dissemination of notice to the Settlement Class and Settlement Collective as set forth in the Agreement.

4. Moreover, the Court finds that the Settlement falls within the range of reasonableness because the Settlement has key indicia of fairness, in that (a) the Parties reached the Settlement only after they were adequately informed through relevant discovery; (b) the extensive negotiations were contentious, arm's-length, and facilitated by an experienced professional mediator (Jeff Ross, Esq.); and (c) the proponents of the Settlement are experienced in similar litigation. Accordingly, for all of these reasons, the Settlement is hereby preliminarily approved.

5. Pursuant to 29 U.S.C. § 216(b), the Court conditionally certifies for settlement purposes only the Settlement Collective, which includes:

> all individuals who, while working for the Bank in a Covered Position, at any time from January 1, 2015 through December 31, 2017 (the "Collective Period") in any state other than California, recorded working more than 38 hours in at least one workweek during the Collective Period.

6. Pursuant to FED. R. CIV. P. 23(a) and (b)(3), the Court provisionally certifies for settlement purposes only the following Settlement Class and conditionally finds that the Plaintiffs identified below are adequate representatives of the state-specific subclasses defined below:

> all individuals who, while working for the Bank in a Covered Position in one of the states set forth in (i) through (vii) below, recorded working more than 38 hours in at least one workweek during the following relevant time period for the Applicable State Subclass (collectively these periods are referred to as the "Applicable Class Period"):
>
> (i) In Connecticut at any time from January 1, 2016 through December 31, 2017 (the "Connecticut Subclass"), and

        Plaintiff Richard Sklenka is the class representative for the Connecticut Subclass;

(ii)    In Minnesota at any time from January 1, 2015 through December 31, 2017 (the "Minnesota Subclass"), and Plaintiff Abdullahi Hajisomo is the class representative for the Minnesota Subclass;

(iii)    In Nevada at any time from January 1, 2016 through December 31, 2017 (the "Nevada Subclass"), and Plaintiff Joshua Thomson is the class representative for the Nevada Subclass;

(iv)    In New Jersey at any time from January 1, 2016 through December 31, 2017 (the "New Jersey Subclass"), and Plaintiffs Juan Carlos Merino and Jonathan Almonte are the class representatives for the New Jersey Subclass;

(v)    In New York at any time from January 1, 2012 through December 31, 2017 (the "New York Subclass"), and Plaintiff Jonathan Almonte is the class representative for the New York Subclass;

(vi)    In North Carolina at any time from January 1, 2016 through December 31, 2017 (the "North Carolina Subclass"), and Plaintiff Claudia Cervantes Chouza is the class representative for the North Carolina Subclass; and

(vii)    In Pennsylvania at any time from January 1, 2015 through December 31, 2017 (the "Pennsylvania Subclass"), and Plaintiff Keenan Johnson is the class representative for the Pennsylvania Subclass.

7.    Specifically, with respect to conditionally certifying the Settlement Collective and provisionally certifying the Settlement Class, the Court considered: (a) the allegations, information, arguments, and authorities provided by the Parties in connection with the pleadings previously filed in this case; (b) information,

4

arguments, and authorities provided by Plaintiffs in their brief in support of their motion for entry of an order granting preliminary approval to the Settlement; (c) the terms of the Agreement, including, but not limited to, the definition of the Settlement Class and Settlement Collective and the benefits to be provided to the members; and (d) with respect to the Settlement Class, the Settlement's elimination of any potential manageability issue that may otherwise have existed if the case continued to be litigated.

8. With respect to the Settlement Class, the Court provisionally finds for settlement purposes only at this time that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied. The Court provisionally finds, in the specific context of this Settlement, that the following requirements are met with respect to the Settlement Class: (a) the number of Settlement Class Members is in the thousands and is so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) Plaintiffs' claims are typical of the claims of the Settlement Class Members they seek to represent for purposes of the Settlement; (d) Plaintiffs and Class Counsel have fairly and adequately represented the interests of the Settlement Class and will continue to do so; (e) questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) a class

5

action provides a fair and efficient method for settling the controversy under the criteria set forth in Rule 23. The Court also concludes that, because the case is being settled rather than litigated, the Court need not consider manageability issues that might otherwise be presented by the trial of a class action involving the issues in the case.

9. The named plaintiffs and any opt-in plaintiffs in *Miller, et al. v. Wells Fargo Bank, N.A.*, No. 2:16-cv-05597-JHS (E.D. Pa.), are excluded from the Settlement Collective and Settlement Class.

10. The Court provisionally appoints Berger Montague, PC, the Law Office of Roosevelt N. Nesmith, LLC, Giskan Solotaroff & Anderson LLP, The Markham Law Firm, Reali Law APC, Quintilone & Associates, and Russel S. Warren Jr., as Class Counsel.

11. The Court appoints Rust Consulting as the Administrator to provide notice to the Settlement Class and Collective and administer the Settlement pursuant to the terms of the Agreement. The Administrator shall submit to the jurisdiction of this Court with respect to all aspects of the Settlement, and is bound to follow all terms and conditions set forth in the Agreement.

12. Each and every time period and provision of the Agreement is deemed incorporated in this Order as if expressly set forth here and has the full force and

effect of an Order of this Court. The Court calls attention to some of these time periods and provisions through the following partial schedule:

| | |
|---|---|
| The Bank Provides Administrator the Collective/Class List | Within twenty-one (21) calendar days after entry of this Preliminary Approval Order |
| Settlement Administrator establishes Settlement Website | Within ten (10) business days after entry of this Preliminary Approval Order |
| Mailing of Class Notice and Opt-In Consent Form | Within sixty (60) days after entry of this Preliminary Approval Order or within thirty (30) days of the Administrator receiving the Collective/Class List, whichever is earlier. |
| Deadline for Settlement Collective Members and Settlement Class Members to return Claim Form, objection or Request for Exclusion ("Claim Deadline") | The later of sixty (60) days after the Administrator initially mails the applicable Notice of Settlement and Claim Form, or thirty (30) days after the date of re-mailing in the event that the initial mailing is returned as undeliverable |
| Plaintiffs' Motion for Attorneys' Fees and Costs, and Service Awards | Fourteen (14) days prior to the deadline for submitting objections to the Settlement |
| Plaintiffs' Motion for Final Approval of Settlement | Twenty-one (21) days prior to the Final Approval Hearing |
| Final Approval Hearing | Date: January 13, 2020, at 2:00 p.m.<br><br>(At the Court's convenience, approximately 180 days after the Court's Preliminary Approval Order.) |

13. The Court approves the Claim Form and the forms of the Notices of Settlement attached as Exhibits A-C to the Agreement. The Court finds that the

7

proposed methods of class notice set forth in the Agreement satisfy the requirements of due process, the Federal Rules of Civil Procedure, and constitute the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto. The Court specifically finds that the language that will be included on the Check Opt-In Form and the Claim Form constitutes a consent to join the Lawsuit for settlement purposes only, pursuant to 29 U.S.C. § 216(b), and to release claims under the FLSA. Such language also is sufficient to establish a *bona fide* dispute under the FLSA between the Settlement Participant and Wells Fargo. Should Class Counsel desire to be relieved of the other requirement of 29 U.S.C. § 216(b)--filing the Check Opt-In Forms and redacted Claim Forms with the Court--Class Counsel shall make that request as part of the motion for final approval of the Settlement and propose an alternative that ensures a record is maintained of those who have consented to join the Settlement of this Lawsuit.

14. All proceedings in this case, including Wells Fargo's deadline for filing a responsive pleading to Plaintiffs' Second Amended Complaint, are stayed pending the final approval of the Settlement, except as may be necessary to implement the Settlement or comply with the terms of the Agreement.

15. If the Agreement is revoked, terminated, or not consummated for any reason whatsoever or if this Court (or an appellate court on appeal) does not grant final approval of the Settlement, the conditional certification of the Settlement

Collective and Settlement Class shall be void, and Wells Fargo shall retain all defenses, and shall also retain the right to oppose any and all collective and class certification motions for any reason. In addition, if the Agreement is revoked, terminated, or not consummated for any reason whatsoever or if this Court (or an appellate court on appeal) does not grant final approval of the Settlement, Wells Fargo's provisional stipulation to the filing of Plaintiffs' Second Amended Complaint for settlement purposes only shall be deemed void, and the Parties shall file a stipulation and proposed order withdrawing Plaintiffs' Second Amended Complaint.

16. By granting preliminary approval of the Settlement, this Court has established personal jurisdiction over the Settlement Collective Members and the Settlement Class Members. To preserve the status quo pending this Court's determination on whether to approve the Agreement and to ensure the finality of the parties' Settlement, if it is finally approved, it is ordered under the All Writs Act, 28 U.S.C. § 1651 that, with the exception of those participating in *Miller, et al. v. Wells Fargo Bank, N.A.*, No. 2:16-cv-05597-JHS (E.D. Pa.), who are excluded from this Settlement, all Settlement Collective Members and Settlement Class Members, along with their attorneys, agents, and representatives are enjoined from initiating any separate lawsuits, actions, causes of action, claims, or demands in any federal, state, or local jurisdiction with respect to the Released Claims during the time period

from the date of this Order through the Effective Date of the Settlement or, for any individual Settlement Class Member, through the date he or she files a timely and valid Request for Exclusion in accordance with the provisions of the Settlement. By authorizing the dissemination of notice of the Settlement and establishing an opt-out period, this Court has ensured that this injunction comports with the requirements of due process.

17. The Final Approval Hearing is hereby set for **January 13, 2020, at 2:00 p.m., in Courtroom 5A at the Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ, 07101**. The date and time of the Final Approval Hearing will be set forth in the Notices of Settlement and the Settlement Website, but the Final Approval Hearing is subject to adjournment by the Court without further notice to Settlement Collective Members and Settlement Class Members other than that which may be posted by the Court and on the Settlement Website.

18. Only Settlement Class Members who have not excluded themselves from the Settlement and have filed and served timely and valid objections to the Settlement pursuant to the terms of the Agreement shall be entitled to be heard at the Final Approval Hearing. Any Settlement Class Member who does not timely file and serve a valid objection in writing to the Settlement, entry of a Final Approval Order, or Class Counsel's application for fees and costs and for the awards proposed

for Plaintiffs and Opt-In Plaintiffs, in accordance with the procedures set forth in the Notice of Settlement, shall be deemed to have waived any such objection.

**IT IS SO ORDERED.** The Clerk of Court will TERMINATE docket entry number 132.

Date: July 9, 2019

Esther Salas
United States District Judge
District of New Jersey