IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MERINO, *et al.*, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO & COMPANY and WELLS FARGO BANK, N.A.,<br><br>Defendants. | Case No.: 2:16-cv-07840-ES-MAH |

## ORDER AND JUDGMENT GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT AGREEMENT

This matter having come before the Court at 2:00 p.m. Eastern Time on January 13, 2020, upon Plaintiffs' Motion for Final Approval of the Settlement Agreement, as well as Plaintiffs' Motion for Approval of Attorneys' Fees and Costs (Dkt. No. 137), and upon review and consideration of the Settlement Agreement and Release ("Settlement Agreement") filed with the Court on February 28, 2019 (Dkt. No. 132-1), the Court having considered all papers filed and proceedings in this action, the evidence and argument of counsel presented at the Final Approval Hearing, and having received no objections to the proposed Settlement Agreement, and determining that the Settlement Agreement represents a fair, adequate, and reasonable resolution of this matter, and otherwise being fully informed and good

cause appearing therefor, it is hereby **ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1. The Court hereby grants final approval of the proposed Settlement Agreement, finding that its terms are fair, reasonable, and adequate, and that it is in compliance with all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, and also constitutes a fair and reasonable resolution of a *bona fide* dispute under the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

2. The Court finds that the Settlement falls within the range of reasonableness because the Settlement has key indicia of fairness, in that: (a) the Parties reached the Settlement only after they were adequately informed through relevant discovery; (b) the extensive negotiations were contentious, arm's-length, and facilitated by an experienced professional mediator (Jeffrey A. Ross, Esq.); and (c) the proponents of the Settlement are experienced in similar litigation. Accordingly, the Settlement Agreement is hereby fully and finally approved.

3. This Order adopts and incorporates by reference the terms and conditions of the Settlement together with the definitions used therein.

4. Pursuant to 29 U.S.C. § 216(b), the Court hereby grants final approval and certification for settlement purposes only to the Settlement Collective, defined as:

> All individuals who, while working for the Bank in a Covered Position, at any time from January 1, 2015 through December 31, 2017 (the "Collective Period") in any state other than California, recorded working more than 38 hours in at least one workweek during the Collective Period.

5. Pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), the Court hereby grants final approval and certification for settlement purposes only to the following Settlement Class and finds that the Plaintiffs identified below are adequate representatives of the state-specific subclasses defined below:

> All individuals who, while working for the Bank in a Covered Position in one of the states set forth in (i) through (vii) below, recorded working more than 38 hours in at least one workweek during the following relevant time period for the Applicable State Subclass (collectively these periods are referred to as the "Applicable Class Period"):
>
> (i) In Connecticut at any time from January 1, 2016 through December 31, 2017 (the "Connecticut Subclass"); and Plaintiff Richard Sklenka is the class representative for the Connecticut Subclass;
>
> (ii) In Minnesota at any time from January 1, 2015 through December 31, 2017 (the "Minnesota Subclass"); and Plaintiff Abdullahi Hajisomo is the class representative for the Minnesota Subclass;
>
> (iii) In Nevada at any time from January 1, 2016 through December 31, 2017 (the "Nevada Subclass"); and Plaintiff Joshua Thomson is the class representative for the Nevada Subclass;
>
> (iv) In New Jersey at any time from January 1, 2016 through December 31, 2017 (the "New Jersey Subclass"); and Plaintiffs Juan Carlos Merino and Jonathan Almonte are the class representatives for the New Jersey Subclass;

3

    (v)    In New York at any time from January 1, 2012 through December 31, 2017 (the "New York Subclass"); and Plaintiff Jonathan Almonte is the class representative for the New York Subclass;

    (vi)    In North Carolina at any time from January 1, 2016 through December 31, 2017 (the "North Carolina Subclass"); and Plaintiff Claudia Cervantes Chouza is the class representative for the North Carolina Subclass;

    (vii)    In Pennsylvania at any time from January 1, 2015 through December 31, 2017 (the "Pennsylvania Subclass"); and Plaintiff Keenan Johnson is the class representative for the Pennsylvania Subclass.

6. With respect to granting final certification of the Settlement Collective pursuant to 29 U.S.C. § 216(b) and the Settlement Class pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court considered: (a) the allegations, information, arguments, and authorities provided by the Parties in connection with the pleadings and papers filed in this case; (b) information, arguments, and authorities provided by Plaintiffs in support of their motion for final approval of the Settlement Agreement and motion for approval of attorneys' fees and expenses; (c) the terms of the Settlement Agreement, including, but not limited to, the definition of the Settlement Class and Settlement Collective and the benefits to be provided to the members; and (d) with respect to the Settlement Class, the Settlement's elimination of any potential manageability issue that may otherwise have existed if the case continued to be litigated.

7. With respect to the Settlement Class, the Court finds for settlement purposes only that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure are satisfied. The Court finds, in the specific context of this Settlement, that the following requirements are met with respect to the Settlement Class: (a) the number of Settlement Class Members is in the thousands and is so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) Plaintiffs' claims are typical of the claims of the Settlement Class Members they seek to represent for purposes of the Settlement; (d) Plaintiffs and Class Counsel have fairly and adequately represented the interests of the Settlement Class and will continue to do so; (e) questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) a class action provides a fair and efficient method for settling the controversy under the criteria set forth in Rule 23. The Court also concludes that, because the case is being settled rather than litigated, the Court need not consider any manageability issues that might otherwise be alleged by Defendants in the context of a trial of a class action involving the issues in the case.

8. The named plaintiffs and any opt-in plaintiffs in *Miller, et al. v. Wells Fargo Bank, N.A.*, No. 2:16-cv-05597-JHS (E.D. Pa.), are excluded from the Settlement Collective and Settlement Class.

9. The Court hereby appoints Shanon J. Carson, Sarah R. Schalman-Bergen, and Alexandra K. Piazza of Berger Montague PC, Roosevelt N. Nesmith of the Law Office of Roosevelt N. Nesmith, LLC, Catherine Anderson of Giskan Solotaroff & Anderson LLP, David Markham of The Markham Law Firm, Peggy Reali of Reali Law APC, Richard Quintilone of Quintilone & Associates, and Russel S. Warren Jr. as Class Counsel in this action. The Court finds that Class Counsel have the experience, knowledge, and skills to represent, promote, and safeguard the interests of the Settlement Class and the Settlement Collective. The Court further finds that Class Counsel have satisfied their professional and ethical obligations in representing the Settlement Class and the Settlement Collective and achieving the Settlement reached in this litigation.

10. In recognition of the services rendered on behalf of the Settlement Class and Settlement Collective, the following service awards are approved to the following individuals: $20,000 each to the original named Plaintiffs Juan Carlos Merino and Agustin Morel, Jr.; $10,000 each to the seven additional named Plaintiffs Joshua Thomson, Jonathan Almonte, Keenan Johnson, Abdullahi Hajisomo, Claudia Cervantes Chousa, Richard Sklenka, and Wilson Blount; and

$5,000 each to Opt-In Plaintiffs Kayla Burget-Ruff, David Davis, Heather Davis, Aaron Diaz, Kathleen Jones, and Jeffry Trawinksi, for a total of $140,000 in collective service awards.

11. The Court approves the proposed *cy pres* recipients, Legal Services of New Jersey and Legal Aid of North Carolina, for receipt of any portion of the Reserve Amount that remains unused after the Second Check Cashing Period as set forth in the Settlement Agreement at ¶ 23.6.

12. Class Counsel's attorneys' fees in the amount of $10.5 million (30% of the $35 million Maximum Settlement Amount), and reimbursement of out-of-pocket expenses not to exceed $60,000 are granted and finally approved.

13. The Court reaffirms its appointment of Rust Consulting, Inc. as the Settlement Administrator and Rust's fees and costs of notice and settlement administration not to exceed $220,000 are finally approved.

14. Each and every time period and provision of the Settlement Agreement is deemed incorporated in this Order as if expressly set forth here and has the full force and effect of an Order of this Court.

15. The Court finds that the methods of notice of the Settlement provided to the Settlement Class and the Settlement Collective, as set forth in the declarations of Jessica Jenkins on behalf of Rust Consulting, Inc., satisfied the requirements of due process, the Federal Rules of Civil Procedure, and constituted the best, due, and

7

sufficient notice to all persons entitled thereto. The Court specifically finds that the language included in the Check Opt-In Form and the Claim Form constitutes a consent to join the Lawsuit for settlement purposes only, pursuant to 29 U.S.C. § 216(b), and to release claims under the FLSA. Such language also is sufficient to establish a *bona fide* dispute under the FLSA between the Settlement Participant and Defendants.

16. The members of the Settlement Class were provided an opportunity to object to or request exclusion from the Settlement. In fact, the Court observes that there were no objections to the Settlement, and only seven Settlement Class Members made timely and valid Requests for Exclusion from the Settlement.

17. The Settlement Administrator shall continue to maintain a record of those individuals who have consented to join the Settlement of this Lawsuit, as provided in the Settlement Agreement, ¶ 16.2(iv), (viii). Class Counsel is relieved of the requirement to file Check Opt-In Forms and Claim Forms and may instead comply with the consent filing requirements of 29 U.S.C. § 216(b) by filing with the Court, and serving on Defendants' Counsel, a declaration from the Settlement Administrator attaching a complete list of the names, with a corresponding unique identification number generated by the Administrator, for all Settlement Participants. The list of names may be filed under seal after the expiration of the Second Check Cashing Period, as provided in the Settlement Agreement.

18. The Court acknowledges that the Settlement Agreement is not an admission by Defendants or by any other Released Party of wrongdoing. Neither this Order, the Settlement Agreement, nor any document referred to herein, nor any action taken to carry out the Settlement, may be construed as, or may be used as, an admission of any fault, wrongdoing, omission, concession, or liability whatsoever by or against Defendants or any of the Released Parties.

19. All Participating Class Members and all Participating Collective Members are bound by this Final Judgment and Order and by the terms of the Settlement Agreement, including releases provided for in the Settlement, the Notices, the Check Opt-In Form and Claim Form, and this Final Judgment and Order.

20. As of the Effective Date of the Settlement, by operation on the entry of this Final Order and Judgment, each Participating Class Member and each Participating Collective Member, including Plaintiffs and Opt-In Plaintiffs (collectively, "Settlement Participants"), shall be deemed to have fully released, waived, relinquished and discharged to the fullest extent permitted by law, all Released Claims that he or she may have against the Released Parties as set forth below, in the Notices, and in the Settlement Agreement:

> Upon the Effective Date and the payment by Wells Fargo of the Maximum Settlement Amount, each Settlement Participant hereby forever discharges and releases the Released Parties from any and all suits, actions, causes of action, claims, or demands for unpaid wages

(including overtime wages), damages, reimbursements, unpaid advances, civil and/or statutory penalties, liquidated damages, punitive damages, multiple damages, interest, attorneys' fees, litigation costs, restitution, and/or equitable relief in any way growing out of their work in a Covered Position for any and all claims that were or could have been asserted in the Lawsuit or that are based on or arise out of the facts alleged in any version of the complaints filed in the Lawsuit (including those asserted in the First Amended Complaint and Second Amended Complaint), from the beginning of the Collective Period or the Applicable Class Period (as defined in Paragraphs 1.49 and 1.47 of the Settlement Agreement), whichever is the earlier date, through June 20, 2018, including without limitation any claims under the FLSA and any applicable state, county, or local laws, statutes, regulations, ordinances, or wage orders for alleged unpaid overtime, premium, or minimum wages; failure to provide compliant meal and/or rest breaks; failure to pay meal and/or rest period compensation; failure to maintain required business records; failure to provide accurate or completed itemized wage statements; failure to compensate for all time worked; failure to properly calculate compensable time worked or the regular rate of pay; failure to pay or reimburse for all business expenses; waiting time penalties; failure to pay all wages due in a timely manner, including upon employment termination; misclassification of employees as exempt employees, independent contractors, or any other form of non-employee workers; and contributions to any 401(k) or other retirement or employee benefit plan based on any payments made by reason of this Agreement (collectively, the "Released Claims"). Notwithstanding the foregoing, nothing in this provision releases any claim that cannot be released as a matter of law, including that Participating Class Members who are not Participating Collective Members shall not release their claims under the FLSA. Except for Plaintiffs and Opt-In Plaintiffs as set forth in Paragraph 13.1 of the Settlement Agreement, the Released Claims apply only to the employment of Participating Collective Members and Participating Class Members while they were employed in the Covered Positions during the longer of the Collective Period or Applicable Class Period.

21. The Court permanently enjoins, bars, and precludes all Settlement Participants from initiating, pursuing, prosecuting in any form (or allowing to be

initiated, pursued, or prosecuted in their own right or on their own behalf) any of the Released Claims.

22. Settlement Participants were given a full opportunity to participate in the Final Approval Hearing and all Settlement Participants and other persons wishing to be heard have been heard. Accordingly, the Court determines that all Settlement Participants are bound by this Order.

23. The Court has considered all evidence presented, including evidence regarding the strength of Plaintiffs' case; the risk, expense, and complexity of the claims presented; the likely duration of further litigation; the amount offered in Settlement; the extent of investigation and discovery completed; and the experience and views of Plaintiffs' counsel. The Court has also considered the absence of any objections to the Settlement and the paucity of requests for exclusion from the Settlement as set forth above.

24. The Court hereby enters a judgment of dismissal, pursuant to Fed. R. Civ. P. 54(b), of the claims by the Settlement Participants with prejudice and without costs (except as specified in this Order above).

25. The injunction pursuant to the All Writs Act, 28 U.S.C. § 1561, as set forth in Paragraph 16 of this Court's Order Granting Plaintiffs' Motion for Preliminary Approval of Settlement Agreement, dated July 9, 2019 (Dkt. 135) remains in full force and effect through and including thirty (30) calendar days after

the conclusion of the Second Check Cashing Period, as defined in Paragraph 24 of the Settlement Agreement.

26. A list of Settlement Class Members who have elected to opt out of the Settlement Class and who therefore are not bound by the Settlement or this Order, includes: Augusto Vargas, Stephanie Arroyo, Alicia Kay, Shabbir Yusufali, Robert Satagaj, Shelby Lynn Deering, Marian Marquina, Daniel Aaron Doan and Brenda L. Krause. All other members of the Settlement Class shall be subject to all of the provisions of the Settlement Agreement and this Order.

27. Without in any way affecting the finality of this Final Judgment and Order, the Court retains continuing and exclusive jurisdiction over the Parties, including all Settlement Class Members and all Settlement Collective Members, to administer, supervise, construe, and enforce the Settlement in accordance with its terms and for the mutual benefit of the Parties.

**IT IS SO ORDERED.**

Dated: January 13, 2020

Hon. Esther Salas
United States District Judge
District of New Jersey